**UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Christopher Kamil Waymer, | Case No.: 2:19-cv-260-RMG |
| Plaintiff, | |
| v. | **ORDER AND OPINION** |
| Columbia Insurance Company; James C. Greene Company; O.W. Ray, | |
| Defendants. | |

This matter is before the Court on Plaintiff Christopher Kamil Waymer's Motion to Remand (Dkt. No. 8). For the reasons set forth below, the Court denies the Motion.[1]

### I. Background

This case arises out of a car accident on December 16, 2013 (the "accident") in Colleton County between William Reynolds and Angela Reynolds and Plaintiff Christopher Waymer. (Dkt. No. 1-1 at ¶ 9.) The Reynolds were severely injured during the accident. (*Id.* at ¶ 10.) Plaintiff Waymer was allegedly insured at the time by a $1 million commercial liability insurance policy issued by Defendant Columbia Insurance Company ("CIC"). (*Id.* at ¶ 11.) Defendant James C. Greene Company, an independent adjusting company, investigated the accident on behalf of CIC, and Defendant O.W. Ray was the investigator assigned to the claim. (*Id.* at ¶ 15.) The Reynolds retained counsel on December 30, 2013. (*Id.* at ¶ 16.)

On January 23, 2014, counsel for the Reynolds sent a demand letter to Defendant Ray, offering to settle for the $1 million policy limit. (*Id.* at ¶ 19.) The settlement offer was time limited and was not accepted by its stated expiration date of February 6, 2014. (*Id.* at ¶ 19 – 21.)

---

[1] This action is parallel to another case brought in this Court by Defendant Columbia Insurance Company against Plaintiff Waymer and others for a declaratory judgment that it did not act unreasonable or in bad faith. (*See* Case No. 2:18-cv-2975-RMG, "Declaratory Judgment Action.")

-1-

On April 4, 2014, the Reynolds separately filed tort actions against Plaintiff Waymer in the Colleton County Court of Common Pleas (the "State Court Actions"). (*Id.* at ¶ 21.)[2] On April 28, 2014, CIC offered to tender the full policy limit as a settlement offer, however the Reynolds declined that offer. (*Id.* at ¶ 22.) A subsequent "high-low" settlement offer by the Reynolds, for a "high" of $3,500,000 and a "low" of $1,000,000" dependent on a trier of facts determination of bad faith, was also declined by Defendant CIC. (*Id.* at ¶¶ 23 – 24.)

While the State Court Actions were pending, Defendant CIC filed a declaratory judgment action in this Court seeking a declaration that declining the January 2014 settlement offer and its April 28, 2014 offer to tender the full policy limits were reasonable. (*See* Case No. 2:14-4739-RMG, Dkt. No. 1, the "2014 Action.") This Court ultimately dismissed the case as not ripe as the issue of good faith and reasonableness were hypothetical during the pending State Court Actions, and alternatively dismissed the case on abstention grounds. *See Columbia Ins. Co. v. Reynolds*, 225 F. Supp. 3d 375 (D.S.C. 2016).

After a damages hearing was held on October 24, 2018 in the State Court Actions, CIC alleges that it was determined that the cases will result in damages in favor of the Reynolds in excess of the $1 million policy limit. (*See* Declaratory Judgment Action Dkt. No. 1 at ¶ 48.) On November 16, 2018, a special referee issued an Order of Judgment awarding Angela Reynolds $3.5 million and William Reynolds $3 million. (Declaratory Judgment Action, Dkt. No. 18-9.)

Shortly after the October 24th damages hearing, both Plaintiff Waymer here and Defendant CIC filed actions. On November 2, 2018, Defendant CIC filed a declaratory judgment action in this Court against the Reynolds, Plaintiff Waymer, and Q.E. Trucking, Plaintiff's business, seeking a declaration that CIC acted reasonably and in good faith in declining two settlement offers, and a

---

[2] *See* Colleton County Court of Common Pleas Case Nos. 2014CP1500274; 2014CP1500273.

declaration that Plaintiff Waymer breached his duty to cooperate by providing privileged documents he acquired from his CIC-provided counsel in the State Court Actions to opposing counsel in the State Court Actions.³ (*See* Declaratory Judgment Action.) Three days later, on November 5, 2018, Plaintiff Waymer filed this action in state court against Defendant CIC, alleging breach of contract and bad faith for negligently handling his claims, his defense, and failing to accept settlement in the State Court Actions. (Dkt. No. 1-1 at ¶¶ 31 – 34.) Plaintiff Waymer also included a cause of action against Defendants CIC, James C. Greene Company and O.W. Ray for civil conspiracy. (*Id.* at ¶¶ 35 – 40.) While Defendant Greene Company is organized in North Carolina, Defendant Ray is a citizen of South Carolina. (*Id.* at ¶¶ 5, 7.)

Defendant CIC removed the case on January 30, 2019, arguing that Defendants Greene Company and Ray were fraudulently joined because Plaintiff Waymer cannot maintain a claim for civil conspiracy. (Dkt. No. 1.) Plaintiff Waymer now moves to remand the case, arguing that Defendant Greene Company and Ray were not fraudulently joined, and Defendant CIC opposes the motion. (Dkt. Nos. 8, 9, 18, 21.)

## II. <u>Legal Standard</u>

Federal courts are courts of limited jurisdiction. *Strawn v. AT & T Mobility LLC,* 530 F.3d 293, 296 (4th Cir. 2008) (citation omitted). A defendant removing a case to federal court bears the burden of establishing that federal jurisdiction is proper. *Id.* (citations omitted). The existence of federal jurisdiction is determined at the time the defendant files his notice of removal. *See Pullman Co. v. Jenkins,* 305 U.S. 534, 537 (1939) (citations omitted). "On a motion to remand, the court must strictly construe the removal statute and resolve all doubts in favor of

---

³ Opposing counsel in the State Court Actions is serving as counsel for the Reynolds, who are Co-Defendants in the Declaratory Judgment action pending in this Court.

remanding the case to state court, indicative of the reluctance of federal courts to interfere with matters properly before a state court." *Gallagher v. Fed. Signal Corp.*, 524 F. Supp. 2d 724, 726 (D. Md. 2007) (citation omitted). If there is any doubt regarding the existence of federal jurisdiction, the case must be remanded. *Md. Stadium Auth. v. Ellerbe Becket Inc.*, 407 F.3d 255, 260 (4th Cir. 2005) (citations omitted).

However, while a Court must resolve all doubt in favor of remand, under the doctrine of fraudulent joinder, "a district court can assume jurisdiction over a case even if...there are nondiverse named defendants at the time the case is removed." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). "To show fraudulent joinder, the removing party must demonstrate either outright fraud in the plaintiffs pleading of jurisdictional facts or that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) (internal quotation marks omitted) (emphasis in original). This is a heavy burden, and charges the removing party with the duty to prove "the plaintiff cannot establish a claim [against the allegedly fraudulent party] even after resolving all issues of law and fact in the plaintiff's favor." *Id.* at 424.

### III. Discussion

To assess whether Defendants Greene Company and Ray were fraudulently joined, the Court looks at the cause of action for civil conspiracy, as it is the sole claim asserted against Defendants Greene Company and Ray. CIC does not allege outright fraud, and therefore the Court focuses on whether there is any possibility that CIC can establish a claim for civil conspiracy against Defendants Greene Company and Ray.

The Parties spend much of their briefs arguing the merits of their claims, focusing on Defendant Ray's alleged combination with Defendant CIC to deny coverage and refusal to testify

regarding the reasons for denying coverage, and on Waymer sharing his CIC-provided counsel's unredacted defense file with the Reynolds in the State Court Actions after this Court had already permitted redactions to the file. (Dkt. Nos. 8, 18; *See* 2014 Action Docket Number 24.) While these issues may affect the disposition of the breach of contract and bad faith claim, they do not go to the issue of whether Plaintiff Waymer can sustain a civil conspiracy claim against Defendants Greene Company and Ray. Instead, while Plaintiff can proceed on his claims for breach of contract and bad faith, there is no possibility of him maintaining a civil conspiracy claim as he failed to allege or identify special damages or additional facts in furtherance of the conspiracy.

"The elements of a civil conspiracy in South Carolina are (1) the combination of two or more people, (2) for the purpose of injuring the plaintiff, (3) which causes special damages." *Pye v. Estate of Fox*, 369 S.C. 555, 566–67, 633 S.E.2d 505, 511 (2006). Plaintiff here has failed to allege any special damages beyond the breach of contract and bad faith claim. *See Pye v. Estate of Fox*, 369 S.C. 555, 568, 633 S.E.2d 505, 511 (2006) ("Because the quiddity of a civil conspiracy claim is the damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action."). In his Complaint, Plaintiff's stated damages for his civil conspiracy claim is largely identical to his claimed damages for his breach of contract and bad faith claim. (Dkt. No. 1-1 at ¶¶ 34, 39.) *See Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 117, 682 S.E.2d 871, 875 (Ct. App. 2009) (affirming motion to dismiss where "[plaintiff] has repeated verbatim the same damages in its civil conspiracy claim as are alleged in its claim for breach of contract accompanied by a fraudulent act.") Additionally, reviewing the allegations and exhibits contained in Waymer's motion to remand,[4] it is clear that the damages alleged are all

---

[4] On a motion to remand for fraudulent joinder, "the court is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Linnin v. Michielsens*, 372 F. Supp. 2d 811, 819 (E.D. Va. 2005) *citing AIDS*

based on CIC's rejection of settlement offers and filing of the initial 2014 Action for a declaratory judgment. (Dkt. No. 8-1 at 23.) Whether or not there is a civil conspiracy between Defendants Greene Company and Ray and Defendant CIC, these damages are the same as for Defendant CIC's alleged breach of contract and bad faith claim, and Defendant CIC has therefore demonstrated that it is impossible for Plaintiff Waymer to recover on his claim for civil conspiracy. *See State Farm Life Ins. Co. v. Murphy*, 260 F. Supp. 3d 497, 504 (D.S.C. 2017) (dismissing civil conspiracy claim against insurance agents related to a failure to pay benefits as "[third-party plaintiff] has failed to allege special damages which arose specifically because of the conspiracy itself, and that were not caused by the intentional interference with contract claim.").

Further, as an independent and sufficient ground for finding fraudulent joinder, Plaintiff Waymer also failed to allege any "additional facts in furtherance of the conspiracy." *State Farm Life Ins. Co.*, 260 F. Supp. 3d at 504 *citing Todd v. S.C. Farm Bureau Mut. Ins. Co.*, 276 S.C. 284, 278 S.E.2d 607 (1981) *criticized on other grounds by Ludwick v. This Minute of Carolina, Inc.*, 287 S.C. 219, 337 S.E.2d 213 (1985). Plaintiff's allegations in his Complaint, and his argument and exhibits in his brief, all focus on Defendant CIC's decision to refuse settlement offers, negligent handling of his claims and defense, and later explanations in the 2014 Action for their handling of his claims. (Dkt. Nos. 1-1 at ¶¶ 35 – 40; 8-1 at 16 – 17.) These allegations, while relevant to the case overall, are inseparable from his claims of breach of contract and bad faith, and instead, Plaintiff's civil conspiracy claim serves solely as another vehicle for litigating the same facts that underlie his breach of contract and bad faith claim. *See State Farm Life Ins. Co.*,

---

*Counseling & Testing Centers v. Grp. W Television, Inc.*, 903 F.2d 1000 (4th Cir. 1990). Regardless, the evidence submitted does not lead to a different result.

260 F. Supp. 3d 497, 504 ("Put another way, [third-party plaintiff] cannot plead the same set of facts for the actionable wrong and the civil conspiracy, then expect to recover damages for both.").

However, the Supreme Court of South Carolina has explained that "the authorized acts of an agent are the acts of the principal" and "in a bad faith action against the insurer, the acts of the adjuster or adjusting company (agent) may be imputed to the insurer (principal)." *Charleston Dry Cleaners & Laundry, Inc. v. Zurich Am. Ins. Co.*, 355 S.C. 614, 619 (2003). Therefore, while Plaintiff cannot pursue his civil conspiracy claim as a separate claim against Defendants Greene Company and Ray, the facts giving rise to that claim may be relevant to his breach of contract and bad faith claim against Defendant CIC.

### IV. Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff Christopher Kamil Waymer's Motion to Remand (Dkt. No. 8). Defendants James C. Greene Company and O.W. Ray are **DISMISSED** from this action and the Second Cause of Action for Civil Conspiracy is **DISMISSED**.[5]

**AND IT IS SO ORDERED.**

_____
Richard M. Gergel
United States District Court Judge

August 7, 2019
Charleston, South Carolina

---

[5] Columbia Insurance Company remains as a defendant.